[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17446
Non-Argument Calendar
_____

D.C. Docket No. 8:16-cv-00503-CEH-AEP


MARCUS B. HARRIS,
as Next of Friend of Brother, Rudolph Harris Jr., Deceased,

Plaintiff-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ZEPHERHILLS CORRECTIONAL INSTITUTION,
CORIZON, LLC,
FLORIDA HOSPITAL ZEPHYRHILLS,
CHARLES J. MEITZ,
Attorney,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 5, 2018)

Before ED CARNES, Chief Judge, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Marcus Harris, a Florida prisoner proceeding pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint that he filed as the "next friend" of his deceased brother.  Harris alleged that the Florida Department of Corrections and several other defendants violated federal and state law by conspiring to not treat his incarcerated brother for cancer and by covering up his death.  The district court dismissed Harris' complaint without prejudice on two independent grounds:  (1) Harris was subject to 28 U.S.C. § 1915(g)'s three-strikes rule and could not circumvent that rule by suing as his brother's "next friend"[1] and (2) he lacked standing to sue on his brother's behalf.  Harris filed a motion for rehearing and to alter the judgment, which the court construed as a motion for reconsideration under Federal Rule of Civil Procedure 59(e) and denied because he presented no new evidence and did not show that the court committed a manifest error of law or fact.  This is Harris' appeal.

If an appellant "fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any

_____

[1] 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.").

challenge of that ground, and it follows that the judgment is due to be affirmed."

Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 680 (11th Cir. 2014). Harris

does not contest the court's ruling that he is subject to § 1915(g)'s three-strikes

rule, which means that he has abandoned that issue. See Timson v. Sampson, 518

F.3d 870, 874 (11th Cir. 2008) ("[I]ssues not briefed on appeal by a pro se litigant

are deemed abandoned.").[2] And the court did not abuse its discretion in denying

his motion for reconsideration because the standing arguments he raised in that

motion could have been presented earlier. See Arthur v. King, 500 F.3d 1335,

1343 (11th Cir. 2007) ("A Rule 59(e) motion cannot be used to relitigate old

matters, raise argument or present evidence that could have been raised prior to the

entry of judgment.") (quotation marks and alterations omitted).

**AFFIRMED.**

---

[2] A judge of this Court, acting administratively, granted Harris' motion to proceed in forma pauperis in this appeal on the ground that he qualifies for § 1915(g)'s "imminent danger" exception to the three-strikes rule, but that order is not binding on this merits panel. See 11th Cir. R. 27-1(g). And Harris does not challenge the district court's ruling that he does not qualify for that exception. He also argues for the first time in his reply brief that the court erred in denying his motion to exhume his brother's body for an autopsy, but that argument comes too late. See Sapuppo, 739 F.3d at 683 ("We decline to address an argument advanced by an appellant for the first time in a reply brief.") (quotation marks omitted).